UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROLD THOMAS BRAYBOY,

        Petitioner,

v.                                    CASE NO. 07-11350
                                      HONORABLE ARTHUR J. TARNOW

DOUG VASBINDER,

        Respondent.
_____/

### ORDER GRANTING PETITIONER'S MOTIONS FOR EQUITABLE TOLLING, FOR LEAVE TO FILE AN AMENDED PETITION, AND FOR PRODUCTION OF ADDITIONAL MATERIALS

Petitioner Jerold Thomas Brayboy has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's 1987 state convictions for second-degree murder and felony firearm. Currently pending before the Court are Petitioner's motions for equitable tolling of the statute of limitations, for leave to amend the habeas petition, and for production of additional records.

**I. Background**

On November 16, 1987, Petitioner pleaded no contest to second degree murder, Mich. Comp. Laws § 750.317, and felony firearm, Mich. Comp. Laws § 750.227b. The trial court sentenced Petitioner to two years in prison for the felony firearm conviction and to a consecutive term of thirteen to thirty years for the murder.

In an appeal from his conviction, Petitioner argued through counsel that (1) his trial attorney was ineffective for failing to pursue an insanity defense, (2) his plea was illusory, (3) the plea was involuntary because he was incompetent at the time, (4) trial counsel

was ineffective for filing to move to withdraw his no-contest plea, (5) the plea was improper because further trial was barred by double jeopardy, (6) the sentence imposed was disproportionate, and (7) his conviction should be reversed because the court failed to set forth facts and conclusions of law to support the no-contest plea. The Michigan Court of Appeals affirmed Petitioner's convictions. *See People v. Brayboy*, No. 148529 (Mich. Ct. App. Sept. 29, 1992).

Petitioner filed a *pro se* delayed application in the Michigan Supreme Court, alleging that (1) he was not informed of the need to request a Ginther hearing on his claim about trial counsel, (2) although he was twice found to be incompetent to stand trial, the appellate court stated that there was no evidence to support his allegation of incompetence, (3) he was not furnished with transcripts, (4) the preliminary examination was not used to establish a factual basis for his plea, (5) he was found incompetent to stand trial, was under heavy medication through the proceedings, and his attorney was disbarred during his trial, and (6) he was under heavy medication throughout the proceedings and did not understand the proceedings. On June 22, 1993, the Michigan Supreme Court denied leave to appeal without prejudice to Petitioner's right to seek an evidentiary hearing in the trial court on his claims of ineffective assistance of trial and appellate counsel. *See People v. Brayboy*, 442 Mich. 928; 503 N.W.2d 903 (1993).

In 2004, Petitioner filed a motion for relief from judgment in which he alleged that an eyewitness testimony testified falsely. He also alleged ineffective assistance of trial and appellate counsel. The trial court concluded that the claim about false eyewitness testimony was illogical, because Petitioner pleaded no contest. The trial court also concluded that Petitioner's

claim about trial counsel was decided against him in the prior appeal and that Petitioner had failed to demonstrate ineffective assistance of appellate counsel.

  In an appeal from the trial court's order, Petitioner raised the following two issues:
1.  Did Defendant's mental retardation, blindness, indigency and illiteracy provided "good cause" for defendant's failure to raise these issues previously?

2.  Were all counsels were (sic) ineffective from start of pretrial, and trial readiness as all performed way below average?

The Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal for failure to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Brayboy*, No. 264951 (Mich. Ct. App. Mar. 23, 2006) (unpublished); *People v. Brayboy*, 477 Mich. 906; 722 N.W.2d 880 (2006) (table).

  Petitioner filed his habeas petition on March 28, 2007. The grounds for relief are:

1.  ineffective assistance of counsel due to trial counsel's failure to pursue an insanity defense;

2.  Petitioner's plea was illusory because the prosecutor had promised to recommend a lenient sentence;

3.  Petitioner's plea was involuntary because he was incompetent at the time it was made;

4.  Petitioner's conviction was barred by double jeopardy because earlier a jury was impaneled and sworn;

5.  Petitioner's sentence was disproportionate in light of *People v. Milbourn*, 435 Mich. 630; 461 N.W.2d 1 (1990);

6.  Petitioner's mental retardation, blindness, indigency and illiteracy provided "good cause" for appellant's failure to raise these issues previously; and

7.  Were all counsels were (sic) ineffective from start of pretrial, and

3

trial readiness as all performed way below average?

## II. Discussion

### A. The Motion for Equitable Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). For prisoners like Petitioner, whose convictions became final before the AEDPA was enacted on April 24, 1996, there was a grace period of one-year, or until April 24, 1997, to file their habeas petitions. *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *vacated on other grounds*, 530 U.S. 1257 (2000). Although "the one-year limitation period is tolled for the 'time during which a properly filed application for State or other collateral review with respect to the pertinent judgment or claim is pending.' 28 U.S.C. § 2244(d)(2)," *Ege v. Yukins*, 485 F.3d 364, 371-72 (2007), Petitioner did not file his post-conviction motion for relief from judgment until 2004. By then, the limitations period had expired, and the motion had no affect on the statute of limitations. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002).

Petitioner concedes that his habeas petition is untimely. He argues in favor of equitable tolling of the limitations period on the grounds that he suffers from mental illness and became legally blind shortly after he was incarcerated. Exhibits to the habeas petition confirm these allegations. Furthermore, the statute of limitations is not jurisdictional, *Day v. McDonough*, 547 U.S. 198, 205 (2006); it is subject to equitable tolling, *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). Accordingly, Petitioner's motion for equitable tolling [Doc. 3, Mar. 28, 2007] is GRANTED. The Court deems the habeas petition timely filed.

**B. The Motion to Supplement and Amend**

The doctrine of exhaustion of state remedies requires state prisoners to exhaust available state remedies before seeking a federal writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Prisoners must invoke "one complete round of the State's established appellate review process," including a petition for discretionary review in the state's supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 847 (1999).

Petitioner did not raise claims 1, 2, 4, and 5 in the Michigan Supreme Court, and he admits that he did not exhaust state remedies for those claims. In his motion to amend the habeas petition, he asks the Court to consider his remaining claims rather than dismiss the entire petition as a "mixed" petition of exhausted and unexhausted claims. Because the Supreme Court has stated that habeas petitioners may amend a mixed petition to present only the exhausted claims to the district court, *see Rose v. Lundy*, 455 U.S. 509, 510 (1982), Petitioner's motion to amend his habeas petition [Doc. 9, July 19, 2007] is GRANTED. The Court will consider only claims III, VI, and VII.

**C. The Motion for Production of Additional Documents**

Petitioner's third and final motion seeks to have the respondent produce additional documents, namely:

1. the October 15, 1986 transcript from the bindover;

2. the October 29, 1986 transcript of the bindover;

3. the November 16, 1987, transcript of the plea;

4. the May 18 - 20, 1987, transcript of the jury trial;

5. his medical record at the Wayne County Jail from 1986 through 1987;

6. Dr. Roland Sanders' report on Petitioner's mental condition; and

7. Dr. Steven R. Miller's competency evaluation report.

The first two items have been filed. Although Respondent's Index of Record indicates that he filed two transcripts for October 15, 1987, the actual transcripts are labeled with dates for October 15, 1986 and October 29, 1986. Respondent did not file the transcript of Petitioner's plea, sentence, or truncated jury trial, and the Court believes that the records and reports on Petitioner's medical condition would be helpful in resolving Petitioner's remaining claims. Consequently, Petitioner's motion for documents [Doc. 11, Jan. 22, 2008] is GRANTED in part. Respondent shall file the transcripts for Petitioner's plea, sentence, and trial, as well as, Petitioner's medical records at the Wayne County Jail from 1986 through 1987, Dr. Roland Sanders' report on Petitioner's mental condition, and Dr. Steven R. Miller's competency evaluation report.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: February 12, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 12, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary
