UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROLD THOMAS BRAYBOY,

        Petitioner,

v.                                 CASE NO. 07-11350
                                  HONORABLE ARTHUR J. TARNOW

DOUG VASBINDER,

        Respondent.
_____/

## ORDER GRANTING AN EVIDENTIARY HEARING
## AND APPOINTMENT OF COUNSEL

      Petitioner Jerold Thomas Brayboy has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. The petition raises seven claims regarding Petitioner's 1987 convictions and sentence for second-degree murder and possession of a firearm during the commission of a felony. Petitioner raised his first five habeas claims in the Michigan Court of Appeals, which affirmed his convictions in an unpublished opinion. *See People v. Brayboy*, No. 148529 (Mich. Ct. App. Sept. 29, 1992). Petitioner raised his third claim and a couple of new claims in the Michigan Supreme Court. On June 22, 1993, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Brayboy*, No. 95265 (Mich. Sup. Ct. June 22, 1993).

      In 2004, Petitioner filed a motion for relief from judgment in the trial court, raising his sixth and seventh habeas claims. The trial court denied his motion, and the State's

*Brayboy v. Vasbinder,*, No. 07-11350

appellate courts denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D).  *See People v. Brayboy*, No. 264951 (Mich. Ct. App. Mar. 23, 2006); *People v. Brayboy*, No. 131029 (Mich. Sup. Ct. Oct. 31, 2006).

Petitioner filed his habeas corpus petition and a motion for equitable tolling of the statute of limitations on March 28, 2007.   His grounds for relief read:

I. Ineffective assistance of counsel due to trial counsel's failure to pursue an insanity defense.

II. Petitioner's plea was illusory because the prosecutor promised to recommend a lenient sentence.

III. Petitioner's plea was involuntary because he was incompetent at the time it was made.

IV. Petitioner's conviction was barred by double jeopardy because earlier a jury was impaneled and sworn.

V. Petitioner's sentence was disproportionate in light of *People v. Milbourn*, 435 Mich. 630; 461 NW2d 1 (1990).

VI. Petitioner's mental retardation, blindness, indigence and illiteracy provided "good cause" for appellant's failure to raise these issues previously.

VII. [A]ll counsels were ineffective from start of pretrial, and trial readiness, as all performed way below average.

Respondent filed an answer to the habeas petition through counsel, arguing that Petitioner's claims were untimely, unexhausted or procedurally defaulted, not cognizable on habeas review, and without merit.  Petitioner subsequently moved to amend his habeas petition to delete claims I, II, IV, and V, which he conceded were unexhausted.  On February 12, 2008, the Court granted Petitioner's motions.  The Court deemed the habeas petition timely filed and

*Brayboy v. Vasbinder,*, No. 07-11350

granted Petitioner's motion to amend his habeas petition to delete claims I, II, IV, and V. The Court also directed Respondent to produce certain additional documents, which Petitioner requested. On June 6, 2008, Respondent filed miscellaneous records concerning Petitioner's health, competency, and criminal responsibility. Respondent claims that he is unable to locate the transcripts for Petitioner's truncated jury trial, plea, and sentence, and certain other records.

The Court is troubled by Petitioner's seventh claim, which alleges ineffective assistance of trial and appellate counsel. Among other things, Petitioner alleges that the attorney who represented him at his plea forced him to plead no contest, as charged, absent any plea or sentencing agreement.

Petitioner argued on direct appeal that defense counsel had been under the impression that the sentence would be at the lower end of the guidelines and that the prosecutor would recommend leniency. The Michigan Court of Appeals, however, determined on the basis of the record that no promises, agreements, or recommendations were made in return for Petitioner's plea. According to the court of appeals, Petitioner, his attorney, and the assistant prosecutor acknowledged at the plea that there was no agreement. If the court of appeals is correct in concluding that there was no agreement, Petitioner has alleged a colorable claim of ineffective assistance of counsel. He may be entitled to relief if the facts, as alleged in the habeas petition, are true. Therefore, it is not an abuse of the Court's discretion to grant an evidentiary hearing, *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007), particularly where, as here, the record is incomplete through no fault of Petitioner.

*Brayboy v. Vasbinder,*, No. 07-11350

The Court will schedule an evidentiary hearing and will appoint counsel to assist Petitioner pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). Separate orders will issue appointing an attorney and setting a date for the evidentiary hearing.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: July 15, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 15, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary